IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSANDRA BYERS, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NEW CINGULAR WIRELESS )<br>SERVICES, INC., formerly )<br>known as AT&T WIRELESS )<br>SERVICES, INC., )<br>)<br>Defendant. ) | Case No. CIV-06-438-F |

## **O R D E R**

On October 6, 2006, this court entered an order directing plaintiff, Cassandra Byers, to show cause in writing on or before Monday, October 16, 2006, as to why this action should not be dismissed without prejudice for the failure of plaintiff to appear at the status and scheduling conference set on October 5, 2006. The court specifically advised that if plaintiff failed to comply with the court's order, the court would, without further notice to plaintiff, enter an order dismissing this action without prejudice.

To date, plaintiff has not filed any document with the court setting forth an explanation for her failure to appear at the status and scheduling conference. Because plaintiff has failed to show cause for her failure to appear at the status and scheduling conference, the court concludes that dismissal of this action without prejudice is warranted pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(C).

In so concluding, *see*, Gripe v. City of Enid, Okl., 312 F.3d 1184, 1188 (10th Cir. 2002) and Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), the court

finds that plaintiff was clearly culpable in not appearing at the conference. The status and scheduling conference was duly noticed and plaintiff made no attempts to contact the court in regard to her absence. In addition, the record reflects that plaintiff failed to cooperate with defendant in preparing a joint status report. The record shows that defendant attempted to contact plaintiff by phone and by correspondence in regard to the joint status report and received no response from plaintiff. Moreover, plaintiff has not responded to the court's show cause order. In addition, plaintiff was specifically warned by the court in the show cause order that the case would be dismissed if plaintiff failed to comply with the order. Furthermore, the court finds that judicial process has greatly been interfered with by plaintiff's failure to appear at the conference. The court was unable to set scheduling deadlines in the case, and both the court and defendant, without cooperation by plaintiff in the joint status report, cannot determine all of the factual and legal issues to be tried in the case and have no knowledge of the witnesses and exhibits to be utilized by plaintiff in the case. Finally, with no response to the court's show cause order, the court opines that an imposition of sanctions lesser than dismissal without prejudice would not be appropriate in this case.

Accordingly, the above-entitled action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(C).

DATED October 17, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0438p006(pub).wpd